UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

        Plaintiff,

v.                                      CASE NO.

MARSH ENTERPRISES OF
SW FLORIDA, INC. and
APPLE TREE HOLDINGS
OF KEY WEST, LLC,

        Defendants.

_____/

## COMPLAINT

Plaintiff, David Poschmann, by and through his undersigned counsel, hereby sues the Defendants, MARSH ENTERPRISES OF SW FLORIDA, INC. and APPLE TREE HOLDINGS OF KEY WEST, LLC , for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (the "ADA") and in support thereof states as follows:

### JURISDICTION

1.     This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendants' violations of Title III of the ADA.

### VENUE

2.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b) because, inter alia, Defendants are residents of this district and the events giving rise to the claims asserted herein occurred in this district and the hotels whose reservation system is at issue herein are located in this district.

## PARTIES

3.      Plaintiff, David Poschmann, is an individual residing in this district who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012.  Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. Defendants' online hotel reservation system fails to comply with the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendants are compelled to cure the substantive ADA violations contained on their hotels' online reservation system. Plaintiff intends to visit the online reservation system for Defendants' hotels in the near future, and within thirty (30) days, to book a hotel room and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation system for compliance with 28 C.F.R. §36.302(e).

4.      Defendant Apple Tree Holdings of Key West, LLC is the owner and operator of the Heron House hotel, located at 512 Simonton Street in Key West, Florida ("Heron House"). Defendant Marsh Enterprises of SW Florida, Inc. is the owner and operator of the Heron House Court hotel, located 412 Frances Street in Key West, Florida ("Heron House Court").  The online reservation system for the Heron House and the Heron House Court is found at www.heronhousehotels.com.

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5.      On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6.      Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

7.      On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;[1]

---

[1] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

8.     The Heron House and the Heron House Court are places of public accommodation that own and/or lease and operate places of lodging pursuant to the ADA. The website for the Heron House and the Heron House Court contains an online reservation system whereby potential patrons may reserve a hotel room at the Heron House and at the Heron House Court. The reservation system is subject to the requirements of 28 C.F.R.§36.302(e) and Defendants are responsible for said compliance.

9.     Most recently, during June, 2020 Plaintiff, from his home in this district, attempted to specifically identify and book a guaranteed reservation for an accessible guest room at the Heron House and at the Heron House Court through Defendants' online reservation system but was unable to do so due to its failure to comply with the requirements set forth in paragraph 7.

10.     Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation systems for places of lodging, are in compliance with the ADA.

---

accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

## COUNT I – FOR INJUNCTION AGAINST
## MARSH ENTERPRISES OF SW FLORIDA, INC.

11.     Plaintiff realleges and reavers paragraphs 1 through 10 above as if fully set forth herein.

12.     Defendant Marsh Enterprises of SW Florida, Inc. has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the website/reservation system for the Heron House Court due to the ADA violations contained thereon and will continue to discriminate against Plaintiff unless and until the hotel's online reservation system is modified and Defendant Marsh Enterprises of SW Florida, Inc. implements policies to do so, consistent with the ADA.

13.     The online reservation system for the Heron House Court encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the Heron House Court's online reservation system he tried to make a reservation for an accessible hotel room at the Heron House Court, since he requires an accessible hotel room due to the amputation of his right leg, but it was not possible to make such a reservation. It was possible to reserve a hotel room that was not accessible. For this reason Defendant has no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible hotel rooms during the same hours and in the same manner as individuals who do not need accessible hotel rooms. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Heron House Court's online reservation system he searched the site for the identification and descriptions of accessible features in the Heron House Court and hotel rooms offered through the reservations service so that he could assess independently whether the Heron House Court or a specific hotel room met his

accessibility needs in light of his disability but the reservations service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendant also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservations service does not describe any accessible hotel room and does not, in turn, allow the reserving of such accessible hotel room, the Website cannot hold such unavailable accessible hotel room in the reservations system until all other rooms have been rented, block such unavailable accessible hotel rooms from the system once reserved, and guaranty that such unavailable accessible hotel rooms will be held for the reserving customer as required by sections (iii) - (v) respectively.

14.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Marsh Enterprises of SW Florida, Inc. is required to correct the ADA violations on the online reservation system for Heron House Court and ensure that the online reservation system and accompanying policies are maintained in a manner that is consistent with and compliant with the requirements of the ADA.

15.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Marsh Enterprises of SW Florida, Inc.,  including litigation expenses and costs pursuant to 42 U.S.C. §12205.

16.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Marsh Enterprises of SW Florida, Inc. to implement policies, consistent with the ADA, to accommodate the disabled, by requiring

6

it to alter and maintain the online reservation system for Heron House Court in accordance with the requirements set forth in paragraph 7 above.[2]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Marsh Enterprises of SW Florida, Inc. from continuing its discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled, through requiring it to alter and maintain the online reservation systems for Heron House Court in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

## COUNT II – FOR INJUNCTION AGAINST APPLE TREE HOLDINGS OF KEY WEST, LLC

17.     Plaintiff realleges and reavers paragraphs 1 through 10 above as if fully set forth herein.

18.     Defendant Apple Tree Holdings of Key West, LLC has discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the website/reservation system for the Heron House due to the ADA violations contained thereon and will continue to discriminate against Plaintiff unless and until the hotel's online reservation system is modified and Defendant Apple Tree Holdings of Key West, LLC implements policies to do so, consistent with the ADA.

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Marsh Enterprises of SW Florida, Inc. to develop, and strictly enforce, a policy requiring regular monitoring of its online reservation system. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation system must continuously be updated to properly reflect and describe Marsh Enterprises of SW Florida, Inc.'s compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).

19.     The online reservation system for the Heron House encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the Heron House's online reservation system he tried to make a reservation for an accessible hotel room at the Heron House, since he requires an accessible hotel room due to the amputation of his right leg, but it was not possible to make such a reservation. It was possible to reserve a hotel room that was not accessible. For this reason Defendant has no policy, practice, or procedure in place to ensure that individuals with disabilities can make reservations for accessible hotel rooms during the same hours and in the same manner as individuals who do not need accessible hotel rooms. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Heron House's online reservation system he searched the site for the identification and descriptions of accessible features in the Heron House and hotel rooms offered through the reservations service so that he could assess independently whether the Heron House or a specific hotel room met his accessibility needs in light of his disability but the reservations service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendant also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservations service does not describe any accessible hotel room and does not, in turn, allow the reserving of such accessible hotel room, the Website cannot hold such unavailable accessible hotel room in the reservations system until all other rooms have been rented, block such unavailable accessible hotel rooms from the system once reserved, and guaranty that such unavailable accessible hotel rooms will be held for the reserving customer as required by sections (iii) - (v) respectively.

20.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until

Apple Tree Holdings of Key West, LLC is required to correct the ADA violations on the online reservation system for Heron House and ensure that the online reservation system and accompanying policies are maintained in a manner that is consistent with and compliant with the requirements of the ADA.

21.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Apple Tree Holdings of Key West, LLC,  including litigation expenses and costs pursuant to 42 U.S.C. §12205.

22.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Apple Tree Holdings of Key West, LLC to implement policies, consistent with the ADA, to accommodate the disabled, by requiring it to alter and maintain the online reservation system for Heron House in accordance with the requirements set forth in paragraph 7 above.[3]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Apple Tree Holdings of Key West, LLC from continuing its discriminatory practices, ordering it to implement policies, consistent with the ADA, to accommodate the disabled, through requiring it to alter and maintain the online reservation systems for Heron House in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff

---

[3] The injunction, to be meaningful and fulfill its intended purpose, should require Apple Tree Holdings of Key West, LLC to develop, and strictly enforce, a policy requiring regular monitoring of its online reservation system. As rates and classes of rooms change at the hotel, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible rooms must be re-dispersed across these various price points, classes, as well as across rooms with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the hotel, the online reservation system must continuously be updated to properly reflect and describe Apple Tree Holdings of Key West, LLC's compliance with the substantive ADA Standards regarding accessible hotel rooms in accordance with 28 C.F.R. 36.302(e)(1).

reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

s/Drew M. Levitt
DREW M. LEVITT
Florida Bar No: 782246
drewmlevitt@gmail.com
LEE D. SARKIN
Florida Bar No. 962848
Lsarkin@aol.com
4700 N.W. Boca Raton Boulevard, Ste. 302
Boca Raton, Florida 33431
Telephone (561) 994-6922
Facsimile (561) 994-0837
Attorneys for Plaintiff